IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRACI ROBERTS, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil No. 3:06-CV-0380-H |
| | * |
| UNITRIN SPECIALTY LINES | * |
| INSURANCE CO.; UNITRIN COUNTY | * |
| MUTUAL INSURANCE CO.; TRINITY | * |
| UNIVERSAL INSURANCE CO.; | * |
| UNITRIN, INC.; JOHN MULLEN; | * |
| DAN MALONEY; JAMES DICKEY; | * |
| LAWRENCE KUFEL; and | * |
| CLIFF SHUMWAY, | * |
| | * |
| Defendants. | * |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendants' 12(b)(6) Partial Motion to Dismiss for Failure to State a Claim, filed April 24, 2006; Plaintiff's Brief in Opposition, filed June 5, 2006; Defendant Kufel's 12(b)(6) Partial Motion to Dismiss, filed June 6, 2006 (joining Co-Defendants' Motion and Brief); Plaintiff's Motion in Opposition to Defendant Kufel's Motion to Dismiss, filed June 19, 2006; and Defendants' Reply, filed June 20, 2006.

Also before the Court are Plaintiff's Rule 12(f) Motion to Strike Defendants' Affirmative Defenses, and supporting brief, filed June 5, 2006; Plaintiff's Rule 12(f) Motion to Strike Defendant Kufel's Affirmative Defenses, and supporting brief, filed June 19, 2006; and Defendants' Response to Roberts' 12(f) Motion to Strike Affirmative Defenses, filed June 26, 2006.

## I. Background

Plaintiff *pro se* Traci Roberts is a former employee of Defendant Trinity Universal Insurance Company ["Trinity"]. In the First Amended Complaint, filed March 13, 2006, Roberts alleges the following causes of action: (1) sex discrimination, hostile work environment, and retaliatory discharge and constructive discharge, in violation of Title VII of the Civil Rights Act of 1964, as amended ["Title VII"]; (2) denial of medical leave, in violation of the Family and Medical Leave Act of 1993 ["FMLA"]; (3) violation of the Americans with Disabilities Act of 1990 ["ADA"]; (4) violation of the Employment Retirement Income Security Act of 1974 ["ERISA"] and the Health Insurance Portability and Accountability Act ["HIPPA"]; (5) retaliation for filing a worker's compensation claim, in violation of the Texas Worker's Compensation Act ["TWCA"]; and (6) various common-law torts. Defendants move for partial dismissal of the claims brought under Title VII, ADA, FMLA, TWCA, and the Texas common law.[1] *See* FED. R. CIV. P. 12(b)(6).

## II. Standard for Rule 12(b)(6) Dismissal

Dismissal of a case under Rule 12(b)(6) for failure to state a claim is not favored by the law. *Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 926 (5th Cir. 1988); *see* FED. R. CIV. P. 12(b)(6). A Plaintiff's complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts" to entitle him or her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996) ("The issue is not whether a plaintiff will ultimately prevail but whether he is entitled to offer evidence to support his claims."); *Adolph v. Federal Emergency Mgmt Agency*, 854 F.2d 732, 735

---

[1] All Defendants listed in the caption join the motion to dismiss, with the exception of Cliff Shumway, who according to the Court's docket has not yet been served with process.

(5th Cir. 1988) (holding that a court may dismiss only if it "appears to a certainty" that no relief can be granted under any set of facts provable in support of a plaintiff's allegations; or if the allegations, accepted as true, do not present a claim for legally obtainable relief).

In considering a motion to dismiss, the Court must accept as true the nonmovant's well-pleaded factual allegations and any reasonable inferences to be drawn from them. *See Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). Generally, the Court may not look beyond the pleadings in its decision. *Mahone,* 836 F.2d at 936.

With this standard in mind, the Court turns to an analysis of Defendants' motions.

### III. Analysis of Motion to Dismiss

A.  <u>Title VII Claims</u>

Defendants Mullen, Maloney, Dickey, and Kufel [collectively, "Individual Defendants"] move to dismiss Plaintiff's Title VII claims against them because they are not "employers" subject to suit within the meaning of Title VII. It is well-established that a plaintiff may sue only an employer, and not an individual supervisor or fellow employee, for relief under Title VII. *See, e.g., Grant v. Lone Star Co.*, 21 F.3d 649, 651-53 (5th Cir.), *cert. denied*, 513 U.S. 1015 (1994). Plaintiff's pleadings reveal no assertion that she was independently employed by any of the Individual Defendants, who are described instead as supervisors or co-employees. Her Title VII claims against them are thus dismissed.

Defendant Unitrin County Mutual Insurance Company ["Unitrin"] moves for dismissal of the Title VII claim against it on grounds that, although Plaintiff filed a charge of discrimination ["Charge"] with the Equal Employment Opportunity Commission ["EEOC"], the Charge did not name Unitrin. Exhaustion of administrative remedies by filing an EEOC charge (or similar charge

with a state authority) is a statutory condition precedent for suing a defendant in a Title VII lawsuit. *Zipes v. Trans World Airlines,* 455 U.S. 385, 393 (1982). Plaintiff responds that Unitrin is an alter ego of one or more defendants named in her Charge, and that supplemental materials filed with the EEOC and developed in the EEOC investigation name Unitrin sufficiently to establish the condition precedent. *See Thomas v. Texas Dept. of Crim. Justice*, 220 F.3d 389, 395 (5th Cir. 2000); *Sanchez v. Standard Brands*, 431 F.2d 455, 466 (5th Cir. 1970). Because adjudication thus presents questions of fact and requires the Court to go outside the pleadings, Unitrin's motion is denied without prejudice to reasserting the argument in the context of a motion for summary judgment. *See Mahone,* 836 F.2d at 936.

B.   ADA Claim

For Plaintiff's ADA claim, the Individual Defendants move for dismissal on the theory that, as in the Title VII claim, they are not ADA "employers" subject to suit. *See* 42 U.S.C. § 12111(7) (referring to Title VII for the definition of "employer"). Defendants are correct. The Court adopts the reasoning of the California district court in *Cai v. Chiron Corporation* to hold that like Title VII, the ADA does not support a cause of action against individual supervisors and co-employees. *See Cai v. Chiron Corp.,* 2004 WL 1837985, *3-4 (N.D. Cal. 2004) (citing circuit cases). Plaintiff's ADA claims against the Individual Defendants are dismissed.

Unitrin's motion to dismiss Plaintiff's ADA claims for failure to exhaust administrative remedies is denied without prejudice, for the same reasons as for the Title VII claim above.

C.   FMLA Claim

All Defendants move to dismiss Plaintiff's FMLA claim on grounds that Plaintiff is not an "eligible employee" to sue under that statute. To be eligible for FMLA medical leave, a person must

4

have been employed "for at least twelve months by the employer with respect to whom leave is requested." 29 U.S.C. §2611(2)(A); *see generally Sherry v. Tam Intern., Inc.*, 2006 WL 1492248, *2 (S.D. Tex. 2006). From the face of Plaintiff's pleadings, it is impossible to say as a matter of law that this requirement has not been met. The motion is denied without prejudice to Defendants' reasserting the issue in a motion for summary judgment.

D.  TWCA Claim

The Individual Defendants move to dismiss Plaintiff's TWCA claims on grounds that they are not employers liable under that statute. An employee may assert a claim under the TWCA only against an "employer" who is a "subscriber" to the Act. *Texas Mexican Ry. Co. v. Bouchet*, 963 S.W.2d 52, 56 (Tex. 1998). As described in Plaintiff's amended complaint, the individual supervisors and co-employees here do not qualify. The TWCA claim is thus dismissed against the Individual Defendants.

E.  Tort Claims

Finally, Defendants move to dismiss all of Plaintiff's common-law claims because they are pleaded in a vague and indefinite manner. Under the Federal Rules, only "notice pleading" is required. *See* FED. R. CIV. P. 8(a) (requiring a "short and plain statement" of the claim). Scatter-shot, catch-all pleading, however, is highly disfavored in the federal courts. *See, e.g., Ward v. Life Investors Ins. Co. of Am.*, 383 F. Supp. 2d 882, 889 (S.D. Miss. 2005) ("[T]he Fifth Circuit has shown a distaste for complaints such as these that are essentially a shotgun approach to pleadings . . . where the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick.") (internal quotations omitted).

Plaintiff's amended complaint provides sufficient notice of claims for assault, defamation, and negligence, including *respondeat superior* liability. Defendants' motions are denied with respect to those claims, and granted for all other common-law causes of action.

### IV.  Plaintiff's Motions to Strike Affirmative Defenses

Under Rule 12(f) of the Federal Rules of Civil Procedure, Plaintiff moves to strike Defendants' affirmative defenses. Plaintiff's grounds for striking the defenses address the factual merits of the case and are thus improper at this stage of the proceedings. *See* FED. R. CIV. P. 12(f) (allowing the court to strike only defenses that are facially insufficient or "redundant, immaterial, impertinent, or scandalous"); *Stephenson v. Deutsche Bank AG*, 282 F. Supp. 2d 1032, 1075 (D.C. Minn. 2003) ("[M]otions to strike under Rule 12(f) are viewed with disfavor and infrequently granted.") (citing *Stanbury Law Firm, P.A., v. Internal Revenue Serv.*, 221 F.3d 1059, 1063 (8th Cir. 2000)) (internal quotations omitted). Accordingly, the motions are denied without prejudice to reasserting these arguments in a motion for summary judgment, the timing for which will be set out in a Scheduling Order at the appropriate juncture.

### V.  Conclusion

For the reasons given above, Defendants' motions to dismiss are **GRANTED in part and DENIED in part.** The claims brought against the Individual Defendants under Title VII, the ADA, and the TWCA are **DISMISSED** without prejudice. Plaintiff's common-law claims other than for assault, defamation, and negligence, are as to all Defendants **DISMISSED** without prejudice.

Plaintiff is granted leave to file by **noon, July 28, 2006**, a Second Amended Complaint in conformity with this order.[2]

Plaintiff's motions to strike affirmative defenses are **DENIED** without prejudice.

SO ORDERED.

DATED: July 7, 2006.

_____
BAREFOOT SANDERS, SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

---

[2] *See* FED. R. CIV. P. 15(a) (requiring that leave to amend be "freely given"). Plaintiff *pro se* is reminded that any new claims, as well as claims amended to correct pleading deficiencies noted herein, must be made in good faith and supported by evidence currently existing or likely to be developed during the course of the lawsuit. FED. R. CIV. P. 11(b), (c).