UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRACI ROBERTS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:06-CV-0380-B |
| | § | |
| UNITRIN SPECIALTY LINES | § | |
| INSURANCE CO., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court are a series of post-judgment motions.[1] United States Magistrate Judge Jeff Kaplan held a hearing on Defendants' (hereinafter, collectively "Unitrin") motion for summary judgment, and recommended that this Court grant the summary judgment motion as to all of Roberts's federal claims,[2] and decline to exercise supplemental jurisdiction over her state claims.[3] Overruling the parties' objections, the Court entered an order adopting the findings and recommendations of the Magistrate Judge on August 13, 2008. Unitrin subsequently filed a Motion

---

[1] The Court's August 13, 2008 Memorandum Order (doc. 179) provides a detailed account of the factual and procedural history of this cause.

[2] The federal law claims alleged in Roberts's Second Amended Complaint (doc. 73) included gender discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 as amended, and violations of the Americans with Disabilities Act of 1990, the Family Medical Leave Act of 1993, and the Employer Retirement Income Security Act of 1974. (Pl.'s Second Am. Compl. ¶¶ 23, 27-43.)

[3] In addition to her federal claims, Roberts's Second Amended Complaint (doc. 73) alleged state law claims for violations of the Texas Worker's Compensation Act, intentional injury, and negligence. (Pl.'s Second Am. Compl. ¶¶ 2, 23, 44-68.)

1

to Amend the Judgment (doc. 183) pursuant to FED. R. CIV. P. 59(e), requesting the Court maintain jurisdiction over Plaintiff's state law claims. In similar fashion, Roberts filed two documents, each entitled "Plaintiff's Objections to the Court's Memorandum Order and Motion to Alter or Amend the Judgment" (doc.'s 184, 185). Taken together, the Court construes these documents as a motion to amend the judgment pursuant to FED. R. CIV. P. 59(e). For the reasons that follow, the Court is of the opinion that Defendants' and Plaintiff's motions (doc.'s 183, 184, 185) should be and hereby are **DENIED**.

Litigants may seek amendment of a court's judgment by filing a motion to alter or amend under FED. R. CIV. P. 59(e) (hereinafter, "Rule 59(e)"). There are only three grounds for amending a judgment pursuant to Rule 59(e): (1) correction of a manifest error of law, (2) accounting for newly discovered evidence, or (3) accommodating an intervening change in controlling law. *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Sanders v. Bell Helicopter Textron, Inc.*, 2005 WL 6090228, at *1 (N.D.Tex. Oct. 25, 2005). Rule 59(e) motions "should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *Sanders*, 2005 WL 6090228, at *1; *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment."). The Rule 59(e) remedy is extraordinary, and should be used sparingly. *Templet*, 367 F.3d at 479; *Sanders*, 2005 WL 6090228, at *1. Indeed, the "remedy is so extraordinary that the standard under Rule 59(e) 'favors denial of motions to alter or amend a judgment.'" *Sanders*, 2005 WL 6090228, at *1 (quoting *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)).

2

Roberts and Unitrin each seek amendment of this Court's August 13, 2008 Memorandum Order sanctioning Roberts and dismissing this action. The Court turns first to Unitrin's Motion to Amend the Judgment.

Through its Motion, Unitrin urges the Court to reconsider its decision to dismiss all of Roberts's state law causes of action without prejudice. In support of this request, Unitrin merely reiterates its objections to Judge Kaplan's findings and recommendations. In short, Unitrin urges that it will be prejudiced should Roberts choose to file her state claims in the Texas courts because Unitrin has already spent substantial resources on its defense in this forum. Unitrin's Motion offers no new evidence and does not claim that there has been a change in controlling law. *See Schiller*, 342 F.3d at 567 (clarifying that there are only three grounds for granting relief pursuant to Rule 59(e)). Accordingly, Unitrin's motion can only be construed as asserting that the Court's order dismissing Roberts's state claims without prejudice is a manifest error of law. *See id.*

"District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993); *see also Burns-Toole v. Byrne*, 11 F.3d 1270, 1276 (5th Cir. 1994) (same). In determining whether to maintain jurisdiction after the dismissal of all federal claims, "courts should exercise their discretion in a way that best serves the principles of economy, convenience, fairness, and comity." *Doddy v. Oxy U.S.A., Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1987)); *Newport Ltd. v. Sears, Roebuck & Co.*, 941 F.2d 302, 307 (5th Cir. 1991). In the usual case, however, once all federal claims have been dismissed from an action, these factors counsel in favor of dismissing the state causes without prejudice. *See Bunch v. Duncan*, 2002 WL 324287, at *4 (N.D.Tex. Feb. 27, 2002) (citing *Carnegie-Mellon*, 484 U.S. at 350

3

n. 7).

As the Court explained in its August 13, 2008 Memorandum Order, the dismissal of Roberts's state claims will promote the notions of federalism and comity. (Aug. 13, 2008 Mem. Order 5.) Indeed, because the Court granted summary judgment against all of Roberts's federal claims, there is no federal interest in retaining this case. Should Roberts ultimately choose to try her claims in a Texas tribunal, Unitrin will not be prejudiced because it will be able to use discovery from this case in any potential state court proceeding. Unitrin offers no new arguments or evidence to throw these prior judgments into question.[4] The Court, therefore, mindful of Rule 59(e)'s extraordinary nature, finds that dismissal of Roberts state law claims is appropriate. Finding no manifest error in the Court's August 13, 2008 Memorandum Order, the Court is of the opinion that Unitrin's Motion should be and hereby is **DENIED**.

Roberts's filings seek amendment of the Court's final disposition of this case in two respects. First, Roberts prays the Court reconsider its grant of summary judgment and revive her claims. Second, Roberts requests that the Court's determination that she attempted to mislead the Court in bad faith be vacated. In seeking these amendments, Roberts's rule 59(e) motion abounds with rote statements and vague assertions, suggesting the Court should reconsider its decision to prevent

---

[4]Unitrin faults the Court's August 13, 2008 Memorandum Order for not individually addressing each case relied upon in Unitrin's objections to the findings and recommendations of the Magistrate Judge. (Def.'s Mot. To Amend the J. 2.) This argument, viewed under the standards of a Rule 59(e) motion, amounts to an assertion that the Court made a manifest error in its application of controlling law when it did not specifically address the Fifth Circuit's decision in *Smith v. Amedisys Incorporated*, 298 F.3d 434 (5th Cir. 2002). In *Smith*, the Fifth Circuit concluded that "the trial court did not abuse its discretion in exercising supplemental jurisdiction" over state claims when the case had been pending for nearly three years, the parties had taken numerous depositions, and there was little left in the cause before trial. *Smith*, 298 F.3d at 447. In contrast, when Judge Kaplan recommended dismissal of Roberts's state claims, this action had not even been pending for two years, and was not set for trial. For these reasons, the Court finds that *Smith* is distinguishable.

4

manifest injustice. Thus, like Unitrin's Motion, Roberts's Rule 59(e) motion can only be read as contending that the dismissal of her claims and the basis for the Court's sanction of Roberts were manifest errors of law.

Roberts fails to advance any basis for sustaining her contentions. Aside from her bare allegation that the Court's final disposition in this cause is unjust, Roberts offers nothing to prompt the Court to revisit its decision on Unitrin's summary judgment motion. Roberts asks for nothing more than a second bite at the apple. As stated *supra*, it is well settled that Rule 59(e) is not a vehicle to be used solely because the party is not satisfied with the Court's ruling. *See Sanders*, 2005 WL 6090228, at *1. This is particularly true when, as here, the Court has spent significant time and resources in reaching its final decision. For these reasons, Roberts's Rule 59(e) Motion is hereby **DENIED**.

For the foregoing reasons, the Court is of the opinion that Unitrin's Motion to Amend the Judgment (doc. 183) and Roberts's Motions to Amend the Judgment (doc.'s 184, 185) should be and hereby are **DENIED**. Should the parties desire to appeal this Court's decision in its August 13, 2008 order, they must file a notice of appeal with the district clerk within thirty (30) days of the date of the entry of this order. *See* Fed. R. App. P. 4(a)(4)(A)(iv).

SO ORDERED.

DATED March 4, 2009

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE