UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRACI ROBERTS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:06-CV-0380-B |
| | § | |
| UNITRIN SPECIALTY LINES | § | |
| INSURANCE CO., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court are Plaintiff Traci Roberts's ("Roberts") Motion to Seal Court Transcript (doc. 199) and Motion to Seal her Reply in Support of her motion to seal (doc. 201). Through these filings, Roberts asks the Court to seal the transcript of its July 28, 2008 proceedings in this case (doc. 193). In support of her request, Roberts insists that her personal medical information was revealed through testimony and evidence at the hearing in question.

A party's request to seal court documents or proceedings must be balanced against the public's common law right of access to judicial records. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 597 (1978)). Although the public's right to access of judicial records is not absolute, there is a common law presumption in favor of availability to the public, absent considerations favoring non-disclosure. *Van Waeyenberghe*, 990 F.2d at 848. Despite Roberts's representations to the contrary, there was no reference to details of a private nature at the July 28, 2008 proceedings. All references to any medical ailments at the

1

hearing were discussed in the broadest of generalities. Accordingly, the presumption in favor of the public's right to access has not been outweighed in this instance. For this reason, Roberts's motions to seal the transcript of the Court's July 28, 2008 hearing (docs. 199, 201) should be and hereby are **DENIED**. *See* N.D. Tex. R. 79.3(b).

    SO ORDERED.

    DATED: September 11, 2009

                                          _____
                                          JANE J. BOYLE
                                          UNITED STATES DISTRICT JUDGE